**SO ORDERED.**

**SIGNED this 26 day of May, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

IN RE:

**MICHAEL ROLAND RICHARDSON,**

      DEBTOR.                                       Case No. 08-06299-8-JRL
                                                                 Chapter 13

_____

**ORDER**

This case is before the court on the objection to confirmation of chapter 13 plan and valuation of collateral by the debtor. On May 20, 2009, the court held a hearing in Wilmington, North Carolina.

The debtor filed a petition for relief under chapter 13 of the Bankruptcy Code on September 15, 2008. American General Financial Services, Inc. ("American General") filed a proof of claim in the amount of $9,901.73 based on a loan agreement with the debtor for the purchase of a 1969 Chevrolet Camaro (the "Camaro"). American General has a security interest in the Camaro pursuant to a notation on the certificate of title. The debtor's chapter 13 plan provides for treatment of American General's claim as secured in the amount of $500.00 and unsecured for the balance. American General objects to the treatment of its claim to the extent that it is unsecured.

At hearing, Anita Zoppe testified on behalf of American General. Ms. Zoppe was an

employee of American General who inspected the Camaro in March 2006. Ms. Zoppe established that the inspection was a prerequisite to the extension of a loan by American General. Ms. Zoppe further established that the Camaro was in very good condition at the time of her inspection. In addition, she established that the NADA value of the vehicle at the time of the loan was at least $19,900.00. Based on Ms. Zoppe's inspection, American General agreed to extend a loan to the debtor in the amount of $15,015.00 toward the purchase of the Camaro.

In response, the debtor's mother, Brenda Bowen, testified on behalf of the debtor. Ms. Bowen established at hearing that the debtor had owned the Camaro intermittently over the past twenty years. She further established that the debtor had rebuilt the Camaro on at least three prior occasions. Ms. Bowen confirmed that the condition of the Camaro was very good in March 2006. However, in January 2007, the debtor showed her a substantial amount of rust that was accumulating on the frame of the Camaro. As a result, Ms. Bowen established that the debtor disassembled the Camaro with the intent of rebuilding it. However, the debtor was subsequently called to duty in Iraq and was unavailable to rebuild the Camaro or testify at hearing.

The court finds that the Camaro has residual value that the debtor will be able to restore. A debtor cannot simply strip off parts of a car and then assert that the car's value has decreased in order to reduce the secured amount of a creditor's claim. The evidence before the court shows that the value of the Camaro prior to its disassembly by the debtor was greater than the amount of American General's claim, and it is a fair inference that he can reassemble it upon return from active duty and restore its value. Therefore, the court finds that the claim of American General is secured in full.

Based on the foregoing, the objection to confirmation and valuation of collateral is

SUSTAINED.  Within ten days, the debtor must file a motion for amended plan confirming the treatment of American General's claim as secured in the amount of $9,901.73.  If the debtor fails to file a motion for amended plan within ten days, the case will be dismissed.

"END OF DOCUMENT"